**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ANTHONY ROBERT WHITE, | ) | NO. SA CV 16-82-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on January 20, 2016, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 8, 2016.

///

Plaintiff filed a motion for summary judgment on June 9, 2016. Defendant filed a motion for summary judgment on July 11, 2016.[1] The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed January 20, 2016.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former plumber, alleges disability since March 4, 2011, based primarily on alleged neck pain (Administrative Record ("A.R.") 14, 32-45, 142-45, 159-60). Two of Plaintiff's treating physicians, Doctors Standiford Helm and Jerald Waldman, opined that Plaintiff's impairments restricted Plaintiff's functional capacity so profoundly as to preclude all employment (A.R. 416-20, 432-40).

An Administrative Law Judge ("ALJ") found Plaintiff suffers from several severe impairments, including "cervical spondylosis with degenerative disc disease and central disc bulge" (A.R. 16). The ALJ rejected the treating physicians' opinions, however, finding that, as of Plaintiff's last insured date (December 31, 2013), Plaintiff retained the residual functional capacity to perform a restricted range of light work (A.R. 16-21). One of the work-related restrictions the ALJ found to exist was an inability to perform any "overhead reaching" with either hand (A.R. 17).

///
///

---

[1] Defendant's motion violates paragraph VI of this Court's "Order," filed January 20, 2016. Counsel for Defendant shall heed the Court's orders in the future.

The ALJ found that a person having this restricted functional capacity could not perform Plaintiff's past relevant work as a plumber (A.R. 21). In reliance on the testimony of a vocational expert, the ALJ found that a person having this restricted functional capacity (including an inability to reach overhead) could perform significant numbers of Cashier II and Information Clerk jobs (A.R. 22, 47, 50).

The Dictionary of Occupational Titles ("DOT") provides that the jobs of Cashier II and Information Clerk require frequent reaching. See DOT 211.462-010; DOT 237.367-018. Neither the ALJ nor the vocational expert recognized or explained any possible conflict between the information in the DOT and the testimony of the vocational expert concerning the reaching requirements of the jobs identified.[2] The Appeals Council considered additional evidence, but denied review (A.R. 1-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

---

[2] The ALJ and the vocational expert did recognize and explain conflicts between the information in the DOT and the testimony of the vocational expert concerning certain other requirements of the jobs identified (A.R. 22, 49-53). Nothing in the decision of the ALJ or the testimony of the vocational expert addressed a possible conflict concerning reaching, however.

3

499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the

first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

**I.   The ALJ Erred in the Evaluation of the Treating Physicians' Opinions.**

The ALJ must "consider" and "evaluate" every medical opinion of record. 20 C.F.R. § 404.1527(b) and (c); see Social Security Ruling ("SSR") 96-8p.[3] In this consideration and evaluation, an ALJ "cannot reject [medical] evidence for no reason or the wrong reason." Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981); see Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ may not make his or her own lay medical assessment).

Under the law of the Ninth Circuit, the opinions of treating physicians command particular respect. "As a general rule, more weight should be given to the opinion of the treating source than to the opinion of doctors who do not treat the claimant. . . ." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted). A

---

[3]   Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

5

treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physicians' opinions). Even where the treating physician's opinions are contradicted,[4] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

In the present case, the ALJ erred by relying on illegitimate reasoning to reject the opinions of the treating physicians. First, the ALJ appeared to discount the credibility of the treating physicians because Plaintiff initially retained the physicians in the context of worker's compensation proceedings. The ALJ stated:

///

---

[4] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d at 1285; Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

>     The physicians retained by either party in the context of worker's compensation cases are often biased and do not provide truly objective opinions. The claimant's treating physician in the context of a workers' compensation claim often serves as an advocate for the claimant and describes excessive limitations to enhance the claimant's financial recovery (A.R. 20).

Contrary to the ALJ's reasoning, the purpose for which a medical opinion is obtained "does not provide a legitimate basis for rejecting it." Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998). The Ninth Circuit expressly has stated that the Administration "may not assume that doctors routinely lie in order to help their patients collect disability benefits." Lester v. Chater, 81 F.3d at 832 (citations and quotations omitted). Neither may the Administration properly assume that doctors routinely lie in order to help their patients enhance worker's compensation recoveries. See id.; see also Nash v. Colvin, 2016 WL 67677, at *7 (E.D. Cal. Jan. 5, 2016) ("the ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding . . .") (citations and quotations omitted); Casillas v. Colvin, 2015 WL 6553414, at *3 (C.D. Cal. Oct. 29, 2015) (same); Franco v. Astrue, 2012 WL 3638609, at *10 (C.D. Cal. Aug. 23, 2012) (same).

An ALJ sometimes must translate worker's compensation terminology into social security parlance. In the present case, however, Defendant does not and properly cannot dispute that Doctors Helm and Waldman clearly opined that Plaintiff's impairments restricted him to

a functional capacity that would qualify for social security disability benefits.

Second, the ALJ purported to rely on the allegedly "conservative" nature of the treatment Doctors Helm and Waldman prescribed for Plaintiff (A.R. 20-21). The ALJ appears to have reasoned that, if these physicians truly had believed Plaintiff's impairments were as debilitating as the physicians opined, the physicians would have prescribed more aggressive treatments for Plaintiff. Such reasoning lacks substantial supporting evidence in the present record. Plaintiff's treatment included repeated epidural injections, and Dr. Waldman recommended surgery as Plaintiff's only remaining treatment option (A.R. 207, 223, 293-94, 345-347, 412, 416, 439, 443). Epidural injections are not necessarily "conservative" treatment. See, e.g., Salinas v. Astrue, 2012 WL 1400362, at *4 (C.D. Cal. Apr. 23, 2012); Christie v. Astrue, 2011 WL 4368189, at *4 (C.D. Cal. Sept. 16, 2011). "Surgery is not conservative treatment." Sanchez v. Colvin, 2013 WL 1319667, at *4 (C.D. Cal. March 29, 2013). There is no substantial evidence in the record to support the ALJ's apparent belief that the prescribed treatments were "routine or conservative" in the sense of being less aggressive than other viable, available treatments.

Defendant attempts to justify the ALJ's rejection of the treating physicians' opinions by contrasting those opinions with the opinions of Dr. Henry Bruce, a consultative examiner, and the opinions of the state agency physicians. However, the contradiction of a treating physician's opinion by another physician's opinion triggers rather than satisfies the requirement of stating "specific, legitimate

reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2007); Orn v. Astrue, 495 F.3d at 631-33; Lester v. Chater, 81 F.3d at 830-31.

Defendant argues that a treating physician's opinion regarding disability need not be given "any special significance" because the issue of disability is "reserved to the Commissioner." Acknowledgment of this reservation provides no specific or legitimate explanation regarding why the ALJ rejected the opinions of the treating physicians. Even though the issue of disability is "reserved to the Commissioner," the ALJ still must set forth specific, legitimate reasons for rejecting a treating physician's opinion that a claimant is disabled. See Rodriguez v. Bowen, 876 F.2d at 762 n.7 ("We do not draw a distinction between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability."); see also Social Security Ruling 96-5p ("adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner").

**II. The ALJ Also Erred in the Evaluation of the Vocational Evidence.**

"[T]he best source for how a job is generally performed is usually the Dictionary of Occupational Titles." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001). Although the matter is somewhat unclear, the DOT appears to provide that a person incapable of overhead reaching cannot perform the jobs of Cashier II and Information Clerk. As previously indicated, the DOT provides that the

9

jobs of Cashier II and Information Clerk require frequent "reaching." "Reaching" means "extending the hands and arms in <u>any</u> direction." SSR 85-15 (emphasis added); <u>see</u> <u>Mkhitaryan v. Astrue</u>, 2010 WL 1752162, at *3 (C.D. Cal. April 27, 2010) (citing the "Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles," Appendix C). "<u>Any</u> direction" would appear to include overhead. <u>See id.</u> Consequently, many courts have discerned a conflict between the requirement of frequent reaching and a preclusion or restriction on reaching overhead or above the shoulder. <u>See, e.g.</u>, <u>Hernandez v. Colvin</u>, 2016 WL 2350091, at *3 (C.D. Cal. May 4, 2016); <u>Nelson v. Colvin</u>, 2016 WL 1532226, at *4 (C.D. Cal. April 14, 2016); <u>Cameron v. Colvin</u>, 2016 WL 1367709, at *6-7 (C.D. Cal. April 6, 2016); <u>Bochat v. Colvin</u>, 2016 WL 1125549, at *2 (C.D. Cal. March 22, 2016); <u>Hernandez v. Colvin</u>, 2016 WL 1071565, at *5 (C.D. Cal. March 14, 2016); <u>Imran v. Colvin</u>, 2015 WL 5708500, at *5 (C.D. Cal. Sept. 28, 2015); <u>Carpenter v. Colvin</u>, 2014 WL 4795037, at *7-8 (E.D. Cal. Sept. 25, 2014); <u>Skelton v. Commissioner</u>, 2014 WL 4162536, at *13 (D. Or. Aug. 18, 2014); <u>Lamb v. Colvin</u>, 2014 WL 3894919, at *5-6 (E.D. Cal. Aug. 4, 2014); <u>Riffner v. Colvin</u>, 2014 WL 3737963, at *4-5 (C.D. Cal. July 29, 2014); <u>Nguyen v. Colvin</u>, 2014 WL 2207058, at *2-3 (C.D. Cal. May 28, 2014); <u>Barnes v. Colvin</u>, 2014 WL 931123, at *7-8 (W.D. Wash. March 10, 2014); <u>Giles v. Colvin</u>, 2013 WL 4832723, at *4 (C.D. Cal. Sept. 10, 2013); <u>Winder v. Astrue</u>, 2013 WL 489611, at *2-3 (C.D. Cal. Feb. 6, 2013); <u>Duff v. Astrue</u>, 2012 WL 3711079, at *3-4 (C.D. Cal. Aug. 28, 2012); <u>McQuone v. Astrue</u>, 2012 WL 3704795, at *3-4 (E.D. Cal. Aug. 24, 2012); <u>Newman v. Astrue</u>, 2012 WL 1884892, at *5 (C.D. Cal. May 23, 2012); <u>Richardson v. Astrue</u>, 2012 WL 1425130, at *4-5 (C.D. Cal. April 25, 2012); <u>Bentley v. Astrue</u>, 2011 WL 2785023, at *3-

4 (C.D. Cal. July 14, 2011); Hernandez v. Astrue, 2011 WL 223595, at *5 (C.D. Cal. Jan. 21, 2011); Mkhitaryan v. Astrue, 2010 WL 1752162, at *3; Caruso v. Astrue, 2008 WL 1995119, at *7 (N.D. N.Y. May 6, 2008); see also Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) ("It is not clear to us whether the DOT's requirements include reaching above shoulder level and this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help").[5]

Although an ALJ sometimes properly may rely on vocational expert testimony in conflict with the information in the DOT, social security rulings and case law require recognition of the conflict and an explanation for the reliance.

Social Security Ruling 00-4p provides:

> When a [vocational expert] provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about <u>any possible</u>

---

[5] Case law on this issue is not uniform. Several district courts have discerned no conflict between the requirement of frequent reaching and a preclusion or restriction on reaching overhead or above the shoulder. See Spooner v. Colvin, 2016 WL 3947103, at *6 (D. Ariz. July 22, 2016); Parker v. Colvin, 2014 WL 4662095, at *9 (W.D. Pa. Sept. 18, 2014); King v. Commissioner, 2013 WL 3456957, at *3 (E.D. Mich. July 9, 2013); Brister v. Colvin, 2013 WL 2318842, at *11-13 (D. Or. May 27, 2013); Alarcon v. Astrue, 2013 WL 1315968, at *4 (S.D. Cal. March 28, 2013); Lidster v. Astrue, 2012 WL 13731, at *3 (S.D. Cal. Jan. 3, 2012); Provenzano v. Astrue, 2009 WL 4906679, at *5 (C.D. Cal. Dec. 17, 2009); Fuller v. Astrue, 2009 WL 4980273, at *2 (C.D. Cal. Dec. 15, 2009); Rodriguez v. Astrue, 2008 WL 2561961, at *2 (C.D. Cal. June 25, 2008); see also Gutierrez v. Colvin, 2016 WL 4056067, at *1 (9th Cir. July 29, 2016) (unpublished).

<u>conflict</u> between that [vocational expert] evidence and information provided in the DOT. . . .[6]

If the [vocational expert's] evidence <u>appears to conflict</u> with the DOT, the [ALJ] will obtain a reasonable explanation for the <u>apparent conflict</u>.

When vocational evidence provided by a [vocational expert] is <u>not consistent with</u> information in the DOT, the [ALJ] must resolve this conflict before relying on the [vocational expert] evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. <u>The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified</u> (emphasis added).

Elsewhere, SSR 00-4p similarly provides that "[w]hen there is an <u>apparent unresolved conflict</u> between [vocational expert] evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled." (emphasis added). "The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational

---

[6] For this purpose, the "information provided in the DOT" includes the information provided in the DOT's "companion publication," the "Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)." <u>See</u> SSR 00-4p.

expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT]." Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).

In the present case, the ALJ asked whether the vocational expert's testimony was consistent with the DOT, and the vocational expert acknowledged and explained certain inconsistencies. However, neither the vocational expert nor the ALJ recognized the possible conflict between the vocational expert's testimony and the DOT's reaching requirements. Consequently, neither the vocational expert nor the ALJ provided any explanation that might support preferring the vocational expert's testimony over the arguably conflicting information in the DOT. This was error. See SSR 00-4p; Light v. Social Security Administration, 119 F.3d 789, 794 (9th Cir. 1997) (error that "[n]either the ALJ nor the vocational expert explained the reason for departing from the DOT"); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) ("an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation").

**III. The Court is Unable to Deem the Errors Harmless; Remand is Appropriate.**

The Court is unable to deem the errors in the present case to have been harmless. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (even though the district court had stated "persuasive reasons" why the ALJ's failure to mention the treating physician's opinion was harmless, the Ninth Circuit remanded because "we cannot

'confidently conclude' that the error was harmless"); Treichler v. Commissioner, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency"); see also Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the errors discussed herein. McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d at 1101 n.5 (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038

(2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"). There remain significant unanswered questions in the present record. See Marsh v. Colvin, 792 F.3d at 1173 (remanding for further administrative proceedings to allow the ALJ to "comment on" the treating physician's opinion). Moreover, it is not clear that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability even if the treating physicians' opinions were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

**CONCLUSION**

For all of the foregoing reasons,[7] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 17, 2016.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d at 1021.